IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-04-271 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| WILLIAM J. NEIDIG, | : | |
| | : | |
| Defendant | : | |

**O R D E R**

February 7, 2006

**BACKGROUND:**

The government in conjunction with its prosecution of Neidig for narcotics trafficking commenced forfeiture proceedings regarding certain property including the property located at 1347 West Mulberry Street, Coal Township, Pennsylvania. On December 19, 2005, we entered a Final Order of Forfeiture in favor of the government which included the above-mentioned real property. The December 19, 2005 order included the following language:

> Notice of the Preliminary Order of Forfeiture was published in a newspaper of general circulation in the Middle District of Pennsylvania on March 30, April 6 and April 15, 2005. All persons claiming an interest in the above-described property were required to file their claims with the Clerk of Court not later than 30 days after the date of final publication of notice.
> No petitions were filed within the thirty-day period

1

>    required by 21 U.S.C. 853(n)(2).  Therefore, any third-
>    party interests are barred by failure of those parties to file
>    a timely petition.

(Order, Rec. Doc. No. 421, at 4.)

Now before the court is a motion for the return of seized real property located at 1347 West Mulberry Street, Coal Township, Pennsylvania by third-party Charles Neidig, Jr., the father of defendant William J. Neidig.  (Defendant William J. Neidig's similar motion requesting that we return the seized real property to his father was orally withdrawn today at his sentencing.)  At the request of the court, the government has briefed the matter.  For the following reasons we will deny Charles Neidig, Jr's. motion requesting the return of the forfeited property.

**DISCUSSION:**

First, we agree with the government that Charles Neidig, Jr.'s motion amounts to an untimely claim of interest in the forfeited property.  As our December 19, 2005 order noted, parties with claims to the forfeited property were required to have filed their claims within the thirty days of the final publication of notice, <u>i.e.</u>, in the middle of May 2005.  Although we have discretion to consider a late claim, 18 U.S.C. § 983(a)(4)(A), Neidig has not demonstrated excusable neglect, nor does the nature of Charles Neidig's claim suggest that we entertain a late claim.

Second, the government has demonstrated that Neidig transferred his interest to his son. (Rec. Doc. No. 487, Ex. A.) Charles Neidig, Jr.'s, former ownership of the real property is irrelevant to the court at this point. See, e.g., United States v. BCCI Holdings, Luxembourg, S.A., 69 F. Supp. 2d 36, 61 (D.D.C. 1999) ("[A] person who voluntarily transfers his interest to a defendant becomes an unsecured creditor who lacks standing to contest a forfeiture in the ancillary proceeding.") We agree with the government that, on the basis of the evidence before the court, Charles Neidig, Jr., has no ownership interest in the property and therefore lacks standing to assert the innocent owner defense. See United States v. Premises Known As 717 South Woodward Street, Allentown, Pennsylvania, 2 F.3d 529, 535 (3d Cir. 1993).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Third party movant Charles Neidig, Jr.'s motion for the return of forfeited property construed as a petition for a claim of ownership to the forfeited real property at 1347 West Mulberry Street, Coal Township, Pennsylvania is denied (Rec. Doc. No. 472).

    2.    Defendant William J. Neidig's motion for the return of seized property (Rec. Doc. No. 489) is withdrawn.

                                                                      s/ James F. McClure, Jr.  
                                                                 James F. McClure, Jr.  
                                                                 United States District Judge